IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:10-CR-082 |
| | ) | |
| DAVIDSON COACHY | ) | |

**MEMORANDUM AND ORDER**

The defendant will be sentenced on January 31, 2012. He has filed numerous objections to his presentence investigation report ("PSR"). In response to those objections, the probation office has made minor revisions to the PSR. The court has now considered that revised document and the defendant's objections. For the reasons provided herein, the objections will be overruled in their entirety.

I.

Objection 1

In his plea agreement, the defendant acknowledged that he "is accountable for distributing and possessing with intent to distribute *at least* 650 oxycodone 30-milligram pills." [Doc. 91, p.2] (emphasis added). The PSR holds the defendant accountable for 1,235 30-milligram oxycodones. The defendant objects that he should not be held responsible for more than 650 pills.

The plea agreement drug amount is modified by the words "at least." Obviously, a finding of more than 650 pills is thus not precluded. Further, 650 30-milligram oxycodones convert to 130.65 kilograms of marijuana, while 1,235 30-milligram oxycodones

equal 248.235 kilograms of marijuana. *See* U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.10(D) (2011). Employing either calculation, the defendant's base offense level is 26. His drug quantity objection therefore does not affect his sentence and requires no further attention from the court. *See* Fed. R. Crim. P. 32(i)(3)(B).

II.

Objections 2a and 2b

The PSR recommends application of the career offender enhancement under section 4B1.1 of the advisory guidelines. That enhancement in material part requires "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2011). The defendant objects that the prior convictions listed at paragraphs 36 and 42 of the original PSR should not be considered "crimes of violence." These objections are irrelevant because the PSR has never recommended designation of either of these convictions as a "crime of violence."

III.

Objection 2c

Instead, the PSR at paragraphs 45 and 46 designates two other prior Florida convictions as career offender predicates, both of which stemmed from guilty pleas to the crime of burglary of an unoccupied dwelling in violation of Florida Statutes § 810.02(3)(b). Without citation to relevant case law or any other pertinent authority, the defendant objects that these convictions cannot be deemed "crimes of violence" to support the career offender

enhancement. He is incorrect.

The crime of burglary of an unoccupied dwelling is a category of second degree burglary and is defined under Florida law as follows:

> Burglary is a felony of the second degree . . . if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a . . . Dwelling, and there is not another person in the dwelling at the time the offender enters or remains.

Fla. Stat. § 810.02(3)(b). "Dwelling" is in turn defined as "a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, *together with the curtilage thereof*." Fla. Stat. § 810.011(2) (emphasis added).

Subsection (a) of the advisory guidelines' career offender provision states in full:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2011). The guidelines go on to define "crime of violence":

3

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2(a) (2011).[1] In the present case, for the Florida crime of second degree burglary to be a "crime of violence" one of three tests must be satisfied:

> 1. The crime must meet the generic definition of "burglary of a dwelling," one of the enhancement's specifically enumerated crimes of violence;
>
> 2. The crime must have as an element the use, attempted use, or threatened use of physical force against another; or
>
> 3. The crime must present a serious risk of physical injury to another.

*United States v. McFalls*, 592 F.3d 707, 712 (6th Cir. 2010).

Florida's second degree burglary statute does not satisfy the first or second of these tests. As to the second, the Florida statute expressly *does not* have use, attempted use, or threatened use of force as an element. As to the first, the generic definition of "burglary of a dwelling" is not satisfied because the Florida Statutes define "dwelling" broadly to include "the curtilage thereof." *See James v. United States*, 550 U.S. 192, 212 (2007) ("the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition

---

[1] The defendant does not contest that second degree burglary is punishable under Florida law by a term of imprisonment exceeding one year.

4

of 'generic burglary[.]'"); *accord McFalls*, 592 F.3d at 714; *United States v. Pluta*, 144 F.3d 968, 975-76 (6th Cir. 1998).[2]

Nonetheless, Florida courts have narrowly construed the concept of curtilage, thereby making second degree burglary a career offender predicate offense under the residual clause of § 4B1.2(a)(2) because the crime "present[s] a serious risk of physical injury to another."

> A typical reason for enclosing the curtilage adjacent to a structure is to keep out unwanted visitors—especially those with criminal motives. And a burglar who illegally attempts to enter the enclosed area surrounding a dwelling creates much the same risk of physical confrontation with a property owner, law enforcement official, or other third party as does one who attempts to enter the structure itself. In light of Florida's narrow definition of curtilage, attempted burglary of the curtilage requires both physical proximity to the structure and an overt act directed toward breaching the enclosure. Such an attempt presents a serious potential risk that violence will ensue and someone will be injured.

*James*, 550 U.S. at 213 (citation and quotation omitted); *accord United States v. Matthews*, 466 F.3d 1271, 1275 (11th Cir. 2006); *see also United States v. Ortkiese*, 208 F. App'x 436, 441 (6th Cir. 2006) ("[I]n suggesting that a person must be present in the building, or that a weapon or violence must be used, for a burglary to be a violent felony, [the defendant] adds a gloss to the [Florida] statute that simply is not there.").

---

[2] *James* is pertinent authority herein even though the issue in that case was whether burglary under Florida law is a "violent felony" under the Armed Career Criminal Act ("ACCA") as opposed to whether it is a "crime of violence" under the career offender enhancement. *See James*, 550 U.S. at 206 (guideline section 4B1.2's definition of crime of violence "closely tracks" the ACCA's definition of violent felony).

The present PSR correctly applies the career offender enhancement based on the defendant's two prior Florida second degree burglary sentences. The defendant's objection 2c will therefore be overruled.

IV.

Objection 3

The original PSR assigned three criminal history points for a state court automobile burglary sentence (originally ¶ 42, now ¶ 41) and another three points for a state court sentence for dealing in stolen property (¶ 44). The original PSR showed the same dates of arrest and sentencing for these crimes, and the defendant objects that the sentences should therefore result in only three total criminal history points rather than six. *See* U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2011) ("If there is no intervening arrest, prior sentences are counted separately unless . . . the sentences were imposed on the same day.").

In response, the probation office has corrected the PSR to show that the automobile burglary arrest occurred on August 5, 2004, while the stolen property arrest occurred on July 19, 2005. The court has reviewed the arrest records provided by the probation office and finds that those arrest dates are correct. The amended PSR therefore correctly assigns three criminal history points for each sentence. The defendant's third objection must be overruled.

V.

Objection 4

The defendant argues that the previous objections, if sustained, would result in an offense level of 23 and a criminal history category of V. Because the defendant's previous objections will be overruled, his fourth objection must be overruled as well.

VI.

Objections 5 and 6

The defendant next objects that he has not been "given any consideration" under § 8C4.1 of the advisory guidelines. However, that substantial assistance provision applies only to organizations and not to individuals. The defendant also objects that he has not been "given any consideration" under guideline § 5K1.1. However, the filing of a § 5K1.1 motion is a matter within the discretion of the prosecution, not the probation office. The defendant's fifth and sixth objections will be overruled.

VII.

Objections 7 and 8

The defendant objects that pending charges listed at paragraph 51 of the original PSR have been resolved. The probation office has corrected that information, and the defendant's seventh and eighth objections are thus moot.

## VIII.

### Objections 9 and 10

Paragraph 18 of the PSR states in material part that the defendant would use "local drug addicts" to distribute oxycodone in the instant conspiracy. The defendant objects that he "has not used any drug users as his distributors." Having already sentenced the coconspirators in this case, the court is well-aware that the challenged statement in paragraph 18 is correct. Regardless, this issue does not impact the defendant's sentence and requires no further attention from the court. *See* Fed. R. Crim. P. 32(i)(3)(B).

Lastly, the defendant objects to the location of a search referenced in paragraph 19 of the PSR. In response, the probation office has amended the PSR to state that the search was of "a local apartment" rather than the defendant's apartment. The defendant's objection is now moot.

## IX.

### Conclusion

For the reasons provided herein, the defendant's objections to his PSR are **OVERRULED** in their entirety.

**IT IS SO ORDERED.**

ENTER:

                s/ Leon Jordan
        United States District Judge